UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH TAUB,<br>individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>     v.<br><br>HSBC BANK NEVADA, N.A.<br><br>                              Defendant. | No. 12 CIV 6790 (LTS) |

**DEFENDANT HSBC BANK NEVADA, N.A.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant HSBC Bank Nevada, N.A. ("HSBC"), by and through its undersigned counsel, as and for its Answer to the Complaint, hereby responds as follows:

1. HSBC admits that plaintiff purports to bring a claim under the Truth in Lending Act ("TILA"), and otherwise denies the allegations in Paragraph 1.

2. HSBC denies the allegations in Paragraph 2.

3. HSBC denies that it violated TILA and any applicable regulations. The remainder of the allegations Paragraph 3 require no response because the provisions of 15 U.S.C. § 1601(a) speak for themselves, but to the extent any response is required the allegations are denied.

4. HSBC denies the allegations in Paragraph 4, including the allegation that TILA permits recovery of statutory damages of up to $1,000,000.

*Jurisdiction and Venue*

5. The allegations in Paragraph 5 constitute legal conclusions to which no response is required.

6. The allegations in Paragraph 6 constitute legal conclusions to which no response is required.

*Parties*

7. HSBC lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 7.

8. The allegations in Paragraph 8 constitute legal conclusions to which no response is required, but to the extent any response is required the allegations are denied.

9. HSBC admits the allegations in Paragraph 9.

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required.

*Factual Allegations*

11. HSBC denies the allegations in Paragraph 11.

12. HSBC admits that Plaintiff attaches to the Complaint a copy of a portion of documents entitled "Truth In Lending Disclosure Chart For Saks Fifth Avenue Card," "Important Terms of Your Saks Fifth Avenue Credit Card Account," and "What Does HSBC Do With Your Personal Information," the terms of which speak for themselves, and otherwise HSBC denies the allegations in Paragraph 12.

13. HSBC admits that Plaintiff purports to bring this matter as a putative class action, and otherwise denies the allegations in Paragraph 13.

*Class Allegations*

14. HSBC admits that plaintiff purports to bring this matter as a putative class action, and otherwise denies the allegations in Paragraph 14 and denies that this action may properly proceed as a class action.

15. HSBC admits that plaintiff purports to bring this matter as a putative class action, and otherwise denies the allegations in Paragraph 15.

16. HSBC admits that plaintiff purports to bring this matter as a putative class action, and otherwise denies the allegations in Paragraph 16.

17. HSBC denies the allegations in Paragraph 17.

18. HSBC denies the allegations in Paragraph 18.

19. HSBC denies the allegations in Paragraph 19.

20. HSBC denies the allegations in Paragraph 20.

21. HSBC denies the allegations in Paragraph 21.

22. HSBC denies the allegations in Paragraph 22.

23. HSBC denies the allegations in Paragraph 23.

24. HSBC denies the allegations in Paragraph 24.

25. HSBC denies the allegations in Paragraph 25.

26. HSBC denies the allegations in Paragraph 26.

## COUNT I

### Violations of the Truth in Lending Act

27. HSBC repeats and realleges its responses to each of the preceding Paragraphs as if set forth at length herein.

28. The allegations in Paragraph 28 constitute legal conclusions and further require no response because the provisions of 15 U.S.C. § 1604(a) speak for themselves. To the extent any response is required, the allegations are denied.

29. The allegations in Paragraph 29 constitute legal conclusions and further require no response because the provisions of 12 U.S.C. § 226.1, *et seq.* speak for themselves. To the extent any response is required, the allegations are denied.

30. The allegations in Paragraph 30 constitute legal conclusions and further require no response because the provisions of 15 U.S.C. § 1637(a)(7) speak for themselves. To the extent any response is required, the allegations are denied.

31. The allegations in Paragraph 31 constitute legal conclusions and further require no response because the provisions of 12 C.F.R. § 226.6(b)(5)(ii) speak for themselves. To the extent any response is required, the allegations are denied.

32. HSBC denies the allegations in Paragraph 32.

33. HSBC denies the allegations in Paragraph 33.

34. HSBC denies the allegations in Paragraph 34.

35. HSBC denies the allegations in Paragraph 35.

36. HSBC denies the allegations in Paragraph 36.

37. HSBC denies the allegations in Paragraph 37.

38. HSBC denies the allegations in Paragraph 38.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any form of equitable or declaratory relief.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred pursuant to 15 U.S.C. § 1640(c) because to the extent there were any violations of TILA, which is denied, they were unintentional and resulted from a bona fide error.

### FIFTH AFFIRMATIVE DEFENSE

HSBC at all times acted in good faith and in accordance with reasonable commercial standards, and thus Plaintiff's claims are barred pursuant to 15 U.S.C. § 1640(c) and (f).

### SIXTH AFFIRMATIVE DEFENSE

HSBC is entitled to recoupment or set off to the extent of any amounts owed by Plaintiff or members of the putative class at the time of any judgment entered in this matter.

### SEVENTH AFFIRMATIVE DEFENSE

The applicable statute of limitations and/or repose, including without limitation 15 U.S.C. § 1640(e), bars Plaintiff's claims in whole or in part.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff improperly purports to include within the putative class individuals who are subject to a binding agreement to arbitrate claims such as the present dispute on an individual basis.

### NINTH AFFIRMATIVE DEFENSE

To the extent any damages are recoverable by Plaintiff or the class, which is denied, such damages are limited by applicable law, including but not limited to 15 U.S.C. § 1640(a).

### TENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the actions or inactions of Plaintiff under the doctrines of estoppel, waiver, and ratification.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

HSBC intends to rely on any additional affirmative defenses which may become available or apparent during discovery, and thus reserves the right to amend this Answer to assert such additional defenses.

WHEREFORE, HSBC requests judgment in its favor dismissing Plaintiff's Complaint with prejudice, that HSBC be awarded fees, costs, and expenses to the fullest extent permitted by law, and that the Court award HSBC and such other further relief that the Court deems just and proper under the circumstances.

By: /s/ *Louis Smith*
    Louis Smith
    Aaron Van Nostrand
    GREENBERG TAURIG, LLP
    200 Park Avenue
    Florham Park, New Jersey 07932
    Tel: 973.360.7900
    Fax: 973.301.8410
    Email: smithlo@gtlaw.com

    *Attorneys for Defendant*
    *HSBC Bank Nevada, N.A.*

Dated: November 26, 2012